IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SUNFLOWER STATE INDUSTRIAL RAILWAY,**

**Plaintiff,**

v.

**US SURFACE TRANSPORTATION BOARD,**

**Defendant.**

Case No. 5:25-CV-04056-JAR-RES

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant US Surface Transportation Board's Motion to Dismiss (Doc. 10) and Plaintiff Sunflower State Industrial Railway's Motion to Dismiss (Doc. 13). Although Plaintiff, who proceeds *pro se*,[1] moves the Court to order dismissal, Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits Plaintiff to dismiss this case as a matter of right before Defendant serves either an answer or a motion for summary judgment. Here, Defendant has served neither. Therefore, Plaintiff may dismiss this action as a matter of right. The Court thus liberally construes Plaintiff's motion to dismiss as a notice of dismissal under Rule 41(a)(1)(A)(i). And as explained below, because Plaintiff dismissed this case when it filed its motion, Defendant's motion to dismiss is denied as moot.

---

[1] Magistrate Judge Schwartz previously addressed whether Plaintiff could proceed without counsel because business entities generally may not appear *pro se*. *See* Doc 7; *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Plaintiff represented that it is a sole proprietorship, and the Court therefore did not require Plaintiff to obtain counsel at that time. Accordingly, because Plaintiff proceeds *pro se*, the Court construes its filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, under this standard, the Court does not assume the role of Plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**I.     Procedural History**

On June 12, 2025, Plaintiff initiated this action against Defendant,[2] alleging that Defendant has unlawfully allowed trail managers of railbanked rights-of-way to obstruct rail carriers' efforts to reactivate rail service and that nothing in the railbanking provision of the National Trails System Act authorizes trail managers to participate in Defendant's decision-making on rail reactivation requests.

On September 2, 2025, Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] Defendant asserts that, to the extent Plaintiff challenges a rule, regulation, or final order issued by Defendant, then exclusive jurisdiction lies in the federal courts of appeals. Alternatively, Defendant contends that, to the extent Plaintiff seeks relief beyond review of a specific board action taken by Defendant, Plaintiff has not identified any applicable waiver of sovereign immunity that would permit suit in this Court.

On September 17, 2025, Plaintiff filed its own motion to dismiss, stating that it "takes notice" of Defendant's motion and intends to refile this matter in the United States Court of Appeals.[4]

**II.    Discussion**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) instructs that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves

---

[2] Doc. 1.
[3] Doc. 10.
[4] Doc. 13.

either an answer or a motion for summary judgment."[5]  A plaintiff's notice of dismissal need not invoke Rule 41(a)(1)(A)(i) explicitly.[6]

Plaintiff asks the Court to dismiss this action and states that it intends to refile in the United States Court of Appeals.  Defendant has served neither an answer nor a motion for summary judgment.  Under these circumstances, Rule 41(a)(1)(A)(i) allows Plaintiff to dismiss this action as a matter of right by filing a notice of dismissal.  It does not matter that Defendant has filed a motion to dismiss.[7]

While Plaintiff's motion to dismiss does not invoke Rule 41(a) by name, it is apparent that Plaintiff wants the Court to dismiss this case.  Plaintiff titled its filing a "Motion to Dismiss," took note of Defendant's jurisdictional argument that only the federal courts of appeals may hear challenges to rules, regulations, or final orders issued by Defendant, and indicated its intent to refile this matter in the United States Court of Appeals.  Thus, the Court construes Plaintiff's motion to dismiss as a notice of dismissal under Rule 41(a)(1)(A)(i).

"The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) is to leave the parties as though no action had been brought."[8]  Once the notice is filed, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."[9]  A notice of dismissal is "self-executing . . . [and] is

---

[5] Fed. R. Civ. P. 41(a)(1)(A)(i).

[6] *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (holding that a *pro se* plaintiff's letter requesting dismissal could be construed as a Rule 41(a)(1)(A)(i) notice of dismissal despite not expressly invoking Rule 41(a)); *Hirsh v. Enhanced Recovery Co.,* No. 20-1134-DDC-KGG, 2020 WL 5986292, at *2 (D. Kan. Oct. 8, 2020) (construing a *pro* se plaintiff's motion to dismiss as a notice of dismissal under Rule 41(a)(1)(A)(i)).

[7] *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) ("The motions to dismiss filed by . . . Defendants did not preclude [plaintiff's] unilateral dismissal of the case.").

[8] *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)).

[9] *Id.* (quoting *Davis*, 267 F.3d at 1049).

effective at the moment the notice is filed with the clerk and no judicial approval is required."[10] Accordingly, this action was dismissed when Plaintiff filed its motion on September 17, 2025.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to treat Plaintiff's Motion to Dismiss (Doc. 13) as a notice of dismissal and close the case.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: December 18, 2025

                                                          S/ Julie A. Robinson
                                                          JULIE A. ROBINSON
                                                          UNITED STATES DISTRICT JUDGE

---

[10] *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993).